## Yazoo & M. V. R. Company *v.* Mrs. Hardie.

### [64 South. 1.]

CARRIERS. *Injuries to passengers. Liability.*

Where a passenger was, by the negligence of the railroad employees, carried beyond her point of destination and on being returned to this point some three hours later, had to go through a rain storm to her home and was made sick thereby, the railroad was liable for the injuries sustained by her on her journey from the railroad to her home.

APPEAL from the circuit court of Coahoma county.

Hon. Sam. C. Cook, Judge.

Suit by Mrs. W. H. Hardie against the Yazoo and Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes & Mayes,* attorneys for appellant.

*Cutrer & Johnson,* attorneys for appellee.

No brief of counsel on either side found in the record.

OWEN, special judge, delivered the opinion of the court.

This case was before the court, and a full report of it, including the statement of facts, is shown in that report in *Y. & M. V. R. R. Co.* v. *Hardie,* 100 Miss. 132, 55 So. 42, 967, 34 L. R. A. (N. S.) 740, 742. The case was then reversed because of a punitive damage instruction. In second trial in the lower court a judgment was rendered in favor of the plaintiff for five thousand dollars, from which this appeal is taken.

There are only two assignments of error relied upon by appellant's counsel: First, that the railroad is not liable for any injury claimed to have been sustained by Mrs. Hardie by reason of a journey from the depot to Mrs. Hairston's house; second, that the judgment is excessive.

We think the first objection is answered by the decision of this court in the case of *L. N. O. & T. R. R. Co.* v. *Mask,* 64 Miss. 738, 2 So. 360. In the statement of facts in that case we find the following: "Mask got off the train, and went back to the depot, and, finding no conveyance there, had to walk home, a distance of three-quarters of a mile. This was about twelve o'clock at night, and the night was dark, cold, and rainy, the roadway was muddy, and Mask, who was an old and feeble man, was very much exhausted when he reached home. . . . The evidence of the two physicians was further to the effect that his sickness after the walk from Lula, and continuing to the time of his death, was most probably induced by his exposure, and being compelled to walk from the railroad station to his home." We are unable to distinguish the difference between the Mask case and this case; the injury in both cases resulted from the trip from the depot to their homes, and we are therefore of the opinion that the instruction given for the appellee and complained of by

appellant was correct. *L. N. O. & T. R. R. Co.* v. *Mask,* 64 Miss. 738, 2 So. 360.

If the jury accepted the testimony of the appellee as to the injury as being true, which the verdict shows they did, we do not think the judgment was excessive.

*Affirmed.*